[Civ. No. 3879.   Fourth Dist.   Nov. 25, 1949.]

FRANCES DUDLEY ROBINSON, Appellant, v. BARNETT ROBINSON, Respondent.

Harry Ashton for Appellant.

Marjorie Mize for Respondent.

MUSSELL, J.—Plaintiff and defendant entered into a property settlement on January 10, 1947, the stated purpose of which was to effect a complete and final settlement and adjustment of all property rights and interest of every kind and nature between the parties and to provide for the custody, care, support, maintenance and education of their two minor children, and for the support of plaintiff. Provisions were made for the transfer and conveyance of personal and real property to each party and the husband agreed to pay the sum of $100 per month for each of the two children, together with the sum of $100 per month to plaintiff for a period of 10 years. It was agreed that the provisions of the settlement agreement concerning the division of the property were accepted by each party as a complete settlement of all their property rights and a waiver of any and all claims by one against the other in respect to community or other property, except as set forth in the agreement.

The controversy before us concerns the provisions of paragraph three of the agreement, which is as follows:

"THIRD: The husband agrees that he will build or cause to be built on that certain real property standing in the names of the parties hereto as joint tenants, situated in the City of Laguna Beach, County of Orange, State of California, described as follows:

"Lot 116 of Tract 585 as per Map thereof recorded in Book 26 at Pages 25 to 27 of Miscellaneous Maps, Records of said Orange County, a house for the use of the wife and said

minor children, costing approximately $17,000.00, according to plans agreed upon by the parties hereto, to be financed as follows:

"(1) A loan of $10,000.00 to be evidenced by a promissory note secured by a Deed of Trust covering said real property, to be executed by both parties, said note to be paid in monthly installments of $85.00, principal and interest; and

"(2) The balance of said construction cost, amounting to approximately $7,000.00, to be furnished by the husband; the husband agreeing to pay taxes, sewer bond assessments, insurance, upkeep and repairs on said property; and the wife agreeing to make said monthly payments of $85.00 per month due on account of said promissory note."

On June 16, 1947, an interlocutory judgment of divorce was granted to the plaintiff in which the property settlement agreement was approved and each of the parties thereto ordered to abide by all the provisions thereof. On April 30, 1948, an order to show cause was heard in the Superior Court of Orange County before the Honorable C. C. McDonald, judge assigned to said court. On the hearing, the court found that pursuant to the terms of paragraph three of the agreement, a contractor was employed and construction of the house was commenced; that said construction was not completed by the parties because of the failure of the contractor to meet the conditions of the building contract and because of said contractor's death in September of 1947; that because of the impossibility of completing said house on the terms set out in said agreement, the parties modified said agreement by joining in a subsequent agreement for the sale of the property; that a sale was had and the sum of $5,942.87 was deposited and held in escrow subject to the order of the parties. The court ordered and decreed that the money be divided $5,046.44 to plaintiff and $896.43 to defendant and that upon payment of said sum to plaintiff, defendant be released from all obligation to build a house for plaintiff and that he be released from any and all obligations under said property settlement agreement regarding any of the property belonging to the parties.

The provisions of the property settlement and interlocutory decree relative to the amounts to be paid for the support and maintenance of plaintiff and the minor children were not changed.

On July 9, 1948, the defendant filed a motion in said court to vacate the order and judgment made on the hearing on the order to show cause. The motion was based on the ground

that the interlocutory decree determined the property rights of the parties and that the court was without jurisdiction to make any order modifying or vacating said interlocutory decree respecting the property rights of the parties. The motion was heard in the same court before Honorable Franklin G. West, who granted the motion in arrest of and to vacate the judgment. From the order vacating the judgment, plaintiff appeals, contending that the court had no jurisdiction to modify the terms of the property settlement agreement and that the motion to vacate the judgment should not have been granted.

It is not here contended that the property settlement agreement was tainted by fraud or compulsion or was a violation of the confidential relationship of the parties. The agreement is, therefore, valid and binding on the court. (*Adams* v. *Adams,* 29 Cal.2d 621, 624 [177 P.2d 265].) Where, as here, the settlement agreement was approved by the court in the interlocutory decree of divorce and each of the parties ordered to abide by all the provisions thereof, the unqualified disposition of the property rights thereby effected was a conclusive adjudication and is res judicata with reference to civil rights. (*Leupe* v. *Leupe,* 21 Cal.2d 145, 148 [130 P.2d 697].) As was said in *Puckett* v. *Puckett,* 21 Cal.2d 833, 840 [136 P.2d 1], "if there is a property settlement agreement providing as a part thereof for periodical payments to be made to the wife by the husband and the agreement is approved by the court and the payments ordered by the decree to be paid pursuant to the agreement, that order will not be subsequently modified, except by the consent of the parties." (Citing cases.)

Under appropriate circumstances, an award of alimony in a divorce decree may be modified. (*Hough* v. *Hough,* 26 Cal.2d 605, 612 [160 P.2d 15]; *Wilson* v. *Superior Court,* 31 Cal.2d 458, 464 [189 P.2d 266].) However, no attempt was made in the instant action to change the amounts payable to the plaintiff and the two minor children. The order of modification was an attempt by the court to apportion a sum of money held in escrow pursuant to a written agreement of the parties for the sale of the premises and was, therefore, an attempt to adjust property rights rather than to modify alimony provisions or allowances made for the support of the minor children. Such provisions in the agreement are severable from those relating to adjustment of the property rights.

■ Under the circumstances here presented, we conclude that the court was without jurisdiction to modify the interlocutory decree in respect to the division of property or the provisions of paragraph three of the agreement. In this connection, the court found, at the hearing on the order to show cause, that the property upon which the house was to be built was owned by the parties in joint tenancy; that the parties had modified the property settlement agreement by a written agreement providing for the sale of the property and the deposit in escrow of the proceeds, subject to the order of the parties. In *Dupont* v. *Dupont*, 4 Cal.2d 227 [48 P.2d 677], the interlocutory decree provided that the home of the parties be sold and that a part of the proceeds be paid to plaintiff. Defendant moved to modify this provision of the decree on the ground that he was having difficulty in making a satisfactory sale. It was held that the trial court acted in excess of its jurisdiction in modifying the order, for the reason that the decree had become final in the sense that it was no longer subject to the right of appeal or motion for new trial, or any right to relief by order within the provisions of section 473 of the Code of Civil Procedure. While the rights of the parties to the money deposited by them in escrow, subject to their order under a written agreement, may be determined in a proper proceeding therefor, it cannot be accomplished by the modification proceedings herein.

■ Plaintiff contends that the fact that a judgment was rendered modifying the interlocutory decree implies that the court ascertained that it had jurisdiction of the parties and subject matter and that, therefore, the judgment cannot be attacked by a motion to vacate the order. This contention assumes that the court, in modifying the decree, determined that the provisions in paragraph three of the settlement agreement relative to the construction of the house were provisions for additional support for the wife and minor children and, therefore, the court had power to order the modification. However, an examination of the record and the findings of the court clearly show that no finding was made as to whether the provisions of said paragraph three were in the nature of alimony payments or a division of property rights. In fact, the findings clearly indicate that the property settlement agreement was a full, fair and complete adjustment of all the property rights of the parties and that the court was attempting to determine title to money which was realized from the sale of joint tenancy real property owned by the parties.

Plaintiff finally contends that the court was without authority to vacate the order of modification upon the ground that the court lacked jurisdiction. The point is without merit. A judgment or order may be set aside on the ground of lack of jurisdiction when the motion is based on such ground and is seasonably made. (*Estate of Seaman,* 51 Cal.App. 409, 411 [196 P. 928].) Since the record discloses that the court had no jurisdiction to make the order of modification, it is void and can be attacked at any time. (*Texas Co.* v. *Bank of America etc. Assn.,* 5 Cal.2d 35, 41 [53 P.2d 127] ; *Ivory* v. *Superior Court,* 12 Cal.2d 455, 461 [85 P.2d 894].)

The order vacating and setting aside the previous order modifying the terms of the interlocutory decree of divorce is affirmed.

Barnard, P. J., and Griffin, J., concurred.