Caroline Thornton Carson v. Commissioner.
Carson v. Commissioner
Docket No. 16128.
United States Tax Court
1949 Tax Ct. Memo LEXIS 11; 8 T.C.M. (CCH) 1100; T.C.M. (RIA) 49295; December 21, 1949
*11 During the administration of her husband's estate in 1942, petitioner, as his widow, received a family allowance therefrom by order of the Superior Court of California which exercised jurisdiction over the estate. Such payments were made out of the income of the estate for 1942. On July 20, 1942, the administration of the estate was terminated and the net income of the estate was paid over to petitioner as residuary legatee. Held, that in California family allowance paid during the period of administration of the estate constitutes a charge against the corpus of the estate, and therefore the 1942 income of the estate payable to petitioner on termination of her husband's estate and taxable to her in 1942, was not diminished by payment of the family allowance. Clarence Coonan, Esq., Russ Bldg., San Francisco, Calif., for the petitioner. T. M. Mather, Esq., for the respondent. HILL
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in the income tax and victory tax of petitioner for the taxable year ended December 31, 1943, in the amount of $5,126.72. The sole question for determination is whether the income of the estate of Arthur Claypoole Carson for 1942 payable to petitioner as residuary legatee upon termination of the estate on July 20, 1942, was diminished by the payment therefrom of a family allowance to petitioner as widow of decedent during 1942. Findings of Fact Part of the facts in this case were stipulated and are so found. Petitioner is an individual residing at 420 Park Avenue, New York, New York. She filed her income tax return for 1943 with the collector of internal revenue for the first district of California. Arthur Claypoole *13 Carson, the husband of petitioner, died in San Francisco, California, on October 12, 1939. The State of California had and exercised jurisdiction over the probate of the estate, and probate proceedings were commenced in the Superior Court of California on October 24, 1939. Thereafter the Superior Court in accordance with the laws of California made an order fixing family or widow's allowance of $6,000 per month for petitioner on December 1, 1939. Later, on June 2, 1941, the same court made an order fixing widow's allowance of $3,000 per month which order was in full force and effect in 1942. During 1942 a total of $21,000 was paid to petitioner by the estate as widow's allowance, the entire sum coming out of income of the estate for 1942. From January 1 - July 20, 1942, income received by the estate totaled $39,323.07. On the latter date administration of the estate was terminated and its assets distributed to petitioner as residuary legatee, which, in addition to the income of the estate, included 25,000 shares of preferred stock of American Power & Light Company. In his notice of deficiency respondent stated in part: "(1) It is held that the amount of $39,523.07, net income *14 of the Estate of Arthur Claypoole Carson, Deceased, from January 1, 1942 to July 20, 1942, inclusive, was distributed to you on July 20, 1942, on which date the administration of the estate was terminated and the net assets distributed to you. This amount is includible in your income for the taxable year 1942 under the provisions of section 162 (b) of the Internal Revenue Code, as amended by section 111 of the Revenue Act of 1942." The net income from the estate of Arthur Carson which became payable to petitioner on July 20, 1942, when administration of the estate was terminated, amounted to $39,323.07. Opinion HILL, Judge: Both parties agree that petitioner was not liable for an income tax on the family allowance of $21,000 she received during 1942 as the widow of Arthur Carson. They further agree that under the provisions of section 162 (b) of the Code, as amended by the Revenue Act of 1942 [1], petitioner, as residuary legatee, received taxable income in 1942 from the distribution of the estate of Arthur Carson, to the extent the income received by the estate from January 1 - July 20, 1942, amounting to $39,323.07, became payable to petitioner in that *15 year. See Hazel Kirk Carlisle, 8 T.C. 563, affirmed 165 Fed. (2d) 645. It is an undisputed fact that the family allowance paid to petitioner in 1942 actually came out of the income received by the estate in that year. Therefore, the narrow question for our determination in this case is whether the income of the estate for 1942 payable to petitioner as residuary legatee was reduced by the $21,000 previously withdrawn therefrom to pay the family allowance.
*16 Petitioner contends that while an income tax should be paid on the income of $39,323.07 received by the estate in 1942, yet the income tax on the $21,000 paid to petitioner as a family allowance be borne by the estate, and only the income tax on the balance of $18,323.07 should be paid by petitioner as residuary legatee. She argues that the allowance was not the obligation of the legatee but of the estate and therefore it should bear the tax on the estate income used to discharge the obligation. She further argues that under California law such an allowance is a charge against both income and corpus of the estate; therefore it was proper to pay it out of the estate income as such. As a consequence the income of the estate for 1942 payable to her and to which she was entitled on July 20, 1942, was reduced to $18,323.07. Respondent, on the other hand, contends that while the family allowance was paid to petitioner from the estate income for 1942, yet under California law the allowance was a charge against the corpus of the estate and therefore was not paid out of income as such. Consequently, the net income payable to petitioner as residuary legatee, was the entire income of the *17 estate for 1942, or $39,323.07. We agree with respondent's view. While it is true that the family allowance was an obligation of the estate, the vital question is whether it was a charge against the corpus or the income of the estate. We are convinced that in California a widow's allowance is a charge solely against corpus and leaves the income of the estate undiminished, even though payment of this obligation is actually made out of income. In California the right of a widow to receive a family allowance pending the administration of the estate is purely statutory. Hills v. Superior Court In and For Los Angeles County, et al., 207 Cal. 666, 279 P. 805; 11 A. Cal. Jur. 505, Sect. 367. Sections 300, 680 and 750 of the Probate Code of California, which governed the payment of family allowance by an estate in the taxable year, state in part as follows: " § 300. Title to decedent's estate: Possession. "When a person dies, * * * all of his property shall be subject to the possession of the executor or administrator and to the control of the Superior Court for the purpose of administration, sale or other disposition under the provisions of Division III of this Code, *18 and shall be chargeable with the expenses of administering his estate, and the payment of his debts and the allowance to the family, except as otherwise provided in this code. " § 680. Right to allowance: Preference. "The widow and minor children are entitled to such reasonable allowance out of the estate as shall be necessary for their maintenance according to their circumstances, during the progress of the settlement of the estate. * * * Such allowance must be paid in preference to all other charges, except funeral charges, expenses of the last illness and expenses of administration, and may, in the discretion of the court or judge granting it, take effect from the death of the decedent. " § 750. Order of resort to estate assets for payment of debts, expenses, etc. "If the testator makes provisions by his will, or designates the estate to be appropriated, for the payment of his debts, the expenses of administration, or family allowance, they must be paid according to such provision or out of the estate thus appropriated, so far as the same is sufficient. If insufficient, that portion of the estate not disposed of by the will, if any, must be appropriated for that purpose; *19 and if that is not sufficient, the property given to residuary legatees and devisees, and thereafter all other property devised and bequeathed is liable for the same, in proportion to the value or amount of the several devises and legacies, but specific devises and legacies are exempt from such liability if it appears to the court necessary to carry into effect the intention of the testator, and there is other sufficient estate." We understand these three enumerated sections of the Probate Code of California to mean that a family allowance is a charge against all the property and assets of the estate of a decedent with the exception of specific devises and legacies under certain circumstances, and so the California courts have interpreted them. See re Wever's Estate, 12 Cal. App. (2d) 237, 55 P. (2d) 279; In re Haselbud's Estate, 26 Cal. App. (2d) 375, 79 P. (2d) 443, and In re King's Estate, 44 A.C.A. 892, 113 P. (2d) 282, affirmed 19 Cal. (2d) 354, 121 P. (2d) 716. In Title Insurance & Trust Co., Executor, 25 B.T.A. 805, we also were concerned with the question whether a family allowance ordered by a California *20 court and paid entirely out of estate income constituted a charge against the corpus or income of the estate. We examined California statutes which were the precursors of the present sections 300, 680 and 750 of the Probate Code, and upon which the latter were based. We determined in that case that the widow's allowance did not constitute income properly paid from the estate. We said, page 800: "In view of the California law, the decisions of its courts construing the same, and the prior decisions of this Board, we are of the opinion that the widow's allowance is properly a charge against the corpus of the estate, * * *." Upon examination of the statutes in existence at the time of the instant case and their interpretation by the local courts we see no reason to alter our prior conclusion that in California a family allowance is a charge against the corpus of the estate. It follows therefore that though the $21,000 paid petitioner as family allowance came out of the 1942 income of the estate, yet it did not constitute the payment of income as such, and thus did not diminish the income received by the estate in 1942. As a consequence we have found as a fact and hold that the net *21 income of the estate for 1942 payable to petitioner on termination of the estate amounted to $39,323.07. Therefore we uphold respondent's determination that in 1942 petitioner received taxable income from the estate in the amount of $39,323.07 under the provisions of section 162 (b) of the Code as amended. Decision will be entered for respondent. Footnotes
1. SEC. 162. NET INCOME. The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that - * * *
(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the legatees, heirs, or beneficiaries, but the amount so allowed as a deduction shall be included in computing the net income of the legatees, heirs, or beneficiaries whether distributed to them or not. As used in this subsection, "income which is to be distributed currently" includes income for the taxable year of the estate or trust which, within the taxable year, becomes payable to the legatee, heir, or beneficiary. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;↩