274 Cal.App.2d 786 (1969)
ESTATE OF JUULI PODER, Deceased. ELVINE SAAR et al., Plaintiffs and Appellants,
v.
CON S. SHEA, as Public Administrator, etc., et al., Defendants and Respondents.
Civ. No. 26096. 
California Court of Appeals. First Dist., Div. Four. 
July 14, 1969.
 Garry, Dreyfus, McTernan & Brotsky and Francis J. McTernan for Plaintiffs and Appellants.
 Lou Aronian, Angell, Adams & Holmes and June L. Barnum for Defendants and Respondents.
 CHRISTIAN, J.
 Juuli Poder died in Estonia (U.S.S.R.), leaving an estate comprising a savings account in a San Francisco bank. Certain Estonian heirs-at-law appeal from a decree distributing the estate to respondent Julius Pillman, a nephew now residing in Maine. [fn. 1] [1a] The appeal is founded on the contention that the failure of respondent public administrator to give notice to the heirs-at-law, as required by Probate Code section 328, deprived the court of jurisdiction to admit the purported will of the decedent to probate and to take any proceedings thereafter (citing Farmers etc. Nat. Bank v. Superior Court (1945) 25 Cal.2d 842 [155 P.2d 823]; Estate of Vollhaber (1967) 251 Cal.App.2d 145 [59 Cal.Rptr. 169]).
 The petition for probate of will listed among the heirs the present appellants, giving their addresses simply as "Estonia." Notice of hearing was mailed to the following address: "Estonia, Care of June L. Barnum, Attorney, 233 Sansome Street, San Francisco, Calif." Receiving the notices, attorney Barnum promptly wrote to the public administrator, advising that she represented only Julius Pillman, the proponent of the will, and that she could not accept service on behalf of the addressees. The public administrator took no action in response to this letter. The will was admitted to probate; an order was later obtained instructing the public administrator to proceed with distribution in accordance with the will.
 Thereafter, appellants retained local counsel who filed a request for special notice under Probate Code section 1202. One week later, the public administrator filed his final account and report, petition for settlement thereof and petition for distribution. Notice of hearing on this petition was mailed to the attorneys for appellants. Appellants immediately filed "Objections to Distribution and Motion to Set Aside Order Admitting Will to Probate" upon the stated ground that "the court lacked jurisdiction to make its order admitting the will to probate because notice of the hearing on the petition to *789 admit the will into probate was not given to the moving parties and upon the further ground that the purported notice given to the moving parties did not comply with the requirements of law." Appellants' counsel failed to appear at the hearing on the account and report; the court approved the account and ordered distribution. Appellants then noticed a "Motion to Set Aside Decree of Final Distribution and Order Denying Objections to Final Distribution." The grounds given were "a mixup in [counsel's] office calendar." The motion was denied.
 Section 328 of the Probate Code provides in relevant part as follows: "At least ten days before the hearing, copies of the notice must be personally served upon the heirs of the testator and the devisees and legatees named in the will and all persons named as executors who are not petitioning, or mailed, postage prepaid, from a post office within this State, addressed to them at their respective places of residences, if known to the petitioner, if not, at the county seat of the county where the proceedings are pending." The requirement of sending notice to the county seat was plainly not met. The failure to comply with section 328 deprives the probate court of jurisdiction to admit the will to probate (Farmers etc. Nat. Bank. v. Superior Court, supra, 25 Cal.2d 842, 845; Estate of Vollhaber, supra, 251 Cal.App.2d 145, 152-153). In the Farmers Nat. Bank case, the court found that a subsequent general appearance by the decedent's devisees cured the jurisdictional defect, but the court clearly stated that strict compliance with section 328 is a jurisdictional requirement. In Estate of Vollhaber, the probate judge revoked his order issuing letters of administration on the motion of a legatee who did not get proper notice; the Court of Appeal upheld the probate judge's action, following the Farmers Nat. Bank declaration that strict compliance with statutory requirements is a jurisdictional necessity.
 [2] Respondent proponent contends that the notices were valid. First, he claims that the notices were in fact sent to a "known address" because they were addressed to "Estonia" as well as to counsel for the proponent; but the envelopes were addressed "in care of" proponent's attorney. Even if "Estonia" were sufficient as a known address, the notices clearly were not directed there. If "Estonia" is not sufficient as a known address, the notices should have been directed to the county seat at some general address such as *790 "general delivery" where some slight prospect of actual delivery to the addressee might exist.
 [3] Respondent's second contention is based upon Murray v. Superior Court (1929) 207 Cal. 381 [278 P. 1033], Stevens v. Torregano (1961) 192 Cal.App.2d 105 [13 Cal.Rptr. 604], and Nicholson v. Leatham (1915) 28 Cal.App. 597 [153 P. 965, 155 P. 98]. These cases establish the rule that inadequate notice does not establish lack of jurisdiction unless the inadequacy appears from the face of the judgment roll. Thus it is not a jurisdictional defect to fail to give notice to an heir not listed in the petition. Because the names in the petition in this case differ in form from those used by appellants in their request for special notice, respondent argues that the appellants were not known to the petitioner, and thus failure to notify them did not deprive the probate court of jurisdiction. But the two sets of names correspond rather closely. Appellants allege their identity as the persons named in the petition; differences in orthography do not establish lack of identity. [1b] We conclude that because of the public administrator's failure (appearing from the judgment roll) to give proper notice as required by section 328, the probate court lacked jurisdiction to admit the purported will to probate and to issue letters of administration.
 [4a] Respondents contend that relief was nevertheless properly denied because appellants failed to attack the order admitting the will to probate within six months, as allowed by Probate Code sections 380 and 384. Appellants correctly respond that they are not at this point will contestants; they assert the basic jurisdictional invalidity of the order admitting the will to probate. [5] Where the record on its face discloses a want of jurisdiction, a judgment or order may be attacked at any time on this ground; statutes of limitation do not protect a void judgment. (Code Civ. Proc., 1916; Texas Co. v. Bank of America etc. Assn. (1935) 5 Cal.2d 35, 41 [53 P.2d 127] [order appointing administrator of an estate]; Robinson v. Robinson (1949) 94 Cal.App.2d 802, 807 [211 P.2d 587] [order modifying property settlement].) Thus in the Farmers Nat. Bank case the interested parties did not appear to contest the probate until over one year after the will had been admitted to probate; the court nevertheless considered the jurisdictional question presented by the failure to meet the requirements of section 380 (Farmers etc. Nat. Bank v. Superior Court, supra, 25 Cal.2d 842). [4b] Because appellants seek to have the order admitting the purported will *791 to probate declared void for lack of jurisdiction rather than merely contesting the correctness of that order or the validity of the will, sections 380 and 384 of the Probate Code do not bar their motion or this appeal.
 Respondents next contend that appellants waived the jurisdictional defect by entering a general appearance. Even where improper notice (under Probate Code section 328, or any similar statute) would otherwise deprive a court of jurisdiction to make an order or pronounce judgment, the order or judgment will not be declared void if the complaining party has waived the defect. A general appearance constitutes such a waiver (Farmers etc. Nat. Bank v. Superior Court, supra, 25 Cal.2d 842 [section 328]; Estate of Nersisian (1957) 155 Cal.App.2d 561 [318 P.2d 168] [same]; see also Lacey v. Bertone (1949) 33 Cal.2d 649 [203 P.2d 755]; 1 Witkin, Cal. Procedure (1954) Jurisdiction, 66). In the Farmers Nat. Bank case, the general appearance consisted of an express waiver of the lack of section 328 notice; in Estate of Nersisian, the appearance included an express consent to the jurisdiction of the superior court. In the Lacey case (a civil action), appellant was held to have made a general appearance because he attacked the order in question on substantive as well as jurisdictional grounds (33 Cal.2d at p. 652). In all cases where a waiver has been found, the contestant had expressly or by implication manifested an intention to surrender his right to notice.
 Here appellants filed a request for special notice and later filed a document entitled "Objections to Distribution and Motion to Set Aside Order Admitting Will to Probate" urging the lack of jurisdiction of the probate court. The public administrator argues that the request for special notice constituted such a general appearance. We have found no case which has considered the point. The fundamental characteristic of a general appearance is that a party "takes any part in the action or proceeding." (1 Witkin, Cal. Procedure, supra, Jurisdiction, 66.)pleading, participating in the trial and taking steps after judgment are examples of such participation. The request for notice under section 1202 differs from such participation in that it only seeks assurance that one interested in an estate will be advised of subsequent transactions. An expression of desire to receive such information has no tendency to show an intention to waive a jurisdictional defect of which the interested person may not even be aware. To receive special notice of subsequent transactions is not *792 inconsistent with an intention to raise a jurisdictional point; it normally represents only prudence on the part of a person who is interested in the estate but is not privy to the doings of the personal representative.
 [6] Respondent proponent of the will contends that appellants' objections to the final distribution constitute a general appearance and a waiver of jurisdictional objections. If the objections went to the merits of the decree of distribution, they would constitute a general appearance (Lacey v. Bertone, supra, 33 Cal.2d 649, 652). But both the objections to the decree of distribution and the accompanying motion to vacate asserted solely the alleged jurisdictional defect; hence they conform to the standards set forth in Lacey for a special appearance: appellants "relied solely on the lack of proper notice" in their request for relief (33 Cal.2d at p. 652).
 Respondents contend that the jurisdictional point is not validly presented in this appeal. [7] It is true that an order denying a motion to set aside distribution or denying objections to distribution is not appealable under Probate Code section 1240, but a decree of distribution is subject to appeal and a jurisdictional defect appearing from the judgment roll can be reached on an appeal from the decree of distribution. (See Estate of Katz (1942) 49 Cal.App.2d 82 [120 P.2d 896].)
 [8] Finally, respondent proponent contends that the appeal must fail because the nonresident alien heirs have not established the existence of the reciprocal rights of inheritance on the part of citizens of the United States in states in the country of which appellants are residents (Prob. Code, 259, 259.1). But appellants properly point out that the establishment of reciprocity is not a condition to receiving notice of probate proceedings. Section 328 requires notice to all heirs of the testator; the question of whether those heirs--because of their alien status--will be able to inherit should be resolved at a later stage. [9] A further question is whether appellants have standing to appeal from the decree of distribution without establishing their right to inherit. We conclude that they do; to accept respondents' contrary contention would be to require the establishment of reciprocity before the jurisdictional question is resolved in the probate court. The reverse sequence of determination is the proper one.
 The decree of final distribution is reversed, with directions to set aside the order admitting the purported holographic *793 will to probate. The purported appeal from the order denying the motion to set aside the decree of final distribution and denying objections to the final distribution is dismissed.
 Devine, P. J., and Rattigan, J., concurred.
NOTES
[fn. 1] 1. There is a purported appeal from an order denying a motion to set aside the decree of final distribution and denying objections to the final distribution. These orders are not appealable, under Probate Code section 1240; the purported appeal must be dismissed.