Filed 11/12/15  Conservatorship of Powell CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| Conservatorship of the Person and Estate of ADRIENNE POWELL. | C074452 |
| PAULA LETHERBLAIRE, as Conservator, etc., Petitioner and Appellant, v. TODD R. ROBIE, Respondent. | (Super. Ct. No. 34-2011-00115088-PR-CP-FRC) |

A court-appointed conservator appeals from an award of attorney fees to her former attorney who acted on behalf of the conservatorship.  On appeal, the conservator claims that the superior court did not have subject matter jurisdiction to make the attorney fee award because an allegation of elder abuse had been made against the conservator. We conclude that the conservator's appeal is timely, contrary to the respondent's

1

contention; however, the conservator's contention of error has no merit. We therefore affirm the order.

## BACKGROUND

Appellant Paula Letherblaire petitioned the superior court to be appointed conservator of her mother, Adrienne Powell. While the petition was pending, someone alleged that Letherblaire had committed financial elder abuse against Powell. Letherblaire hired respondent attorney Todd R. Robie to represent her in pursuing the conservatorship.

After the financial abuse allegations were resolved and the court had appointed Letherblaire as conservator, attorney Robie withdrew from representation. He filed a petition in the superior court requesting compensation from the conservatorship estate for his services. Letherblaire objected to the request. After a hearing, the superior court awarded attorney Robie $9,922.50 in attorney fees and $500 in costs. The attorney fee award included compensation for time expended to petition for attorney fees and respond to Letherblaire's objections.

The ruling was issued on May 23, 2013, and attorney Robie served notice of entry of the order on Letherblaire on May 30, 2013.

On June 5, 2013, Letherblaire filed a motion to vacate the court's attorney fee award, and the court denied the motion to vacate after a hearing on July 25, 2013.

Letherblaire filed a notice of appeal from the order awarding attorney fees on August 2, 2013.

## DISCUSSION

### I

### *Timeliness of Appeal*

Attorney Robie argues that the appeal is untimely because it was filed more than 60 days after he served notice on Letherblaire of the superior court's order awarding attorney fees. The argument is without merit because Letherblaire filed her notice of

2

appeal within 30 days after entry of the order denying her motion to vacate the attorney fee award, which motion was in essence a motion to reconsider the order.

While an order of attorney fees in a probate proceeding is appealable (Prob. Code, § 1300, subd. (e)), there is no provision allowing an appeal of the denial of a motion to vacate such an order (see Prob. Code, §§ 1300, 1301; *Estate of Miramontes-Najera* (2004) 118 Cal.App.4th 750, 755.) Since the only appealable order in this case was the attorney fee award, we must determine whether Letherblaire's appeal is timely with respect to that order.

In her notice of appeal, Letherblaire designated the denial of the motion to vacate as the order from which she appealed. Although that designation was technically incorrect, we construe the notice of appeal liberally to give effect to the appeal, if possible. (*Luz v. Lopes* (1960) 55 Cal.2d 54, 59.) We therefore construe the notice of appeal as designating the attorney fee award.

An appeal is timely if, among other things, the notice of appeal is filed within 30 days after service of an order denying a motion for reconsideration. (Cal. Rules of Court, rule 8.108(e).) Here, the notice of appeal was filed about a week after denial of the motion to vacate. Therefore, we proceed to the merits of the appeal.

II

*Superior Court's Jurisdiction*

Letherblaire contends that the superior court had no subject matter jurisdiction to enter the award of attorney fees in the conservatorship action because abused elder provisions had been invoked. In support of this contention, Letherblaire cites Welfare and Institutions Code section 15657.3. That section gives the superior court, already sitting as a probate court and exercising jurisdiction over a conservatorship proceeding, concurrent jurisdiction in civil actions and proceedings arising out of abuse of an elderly or dependent adult. (Welf. & Inst. Code, § 15657.3, subd. (a).) The section also provides that the superior court "shall not grant relief under this article [providing remedies for

3

elder abuse] if the court determines that the matter should be determined in a civil action, but shall instead transfer the matter to the general civil calendar of the superior court." (Welf. & Inst. Code, § 15657.3, subd. (b).)

It appears that Letherblaire is relying on the latter provision to assert that the superior court, acting as a probate court, did not have jurisdiction. To the contrary, the condition necessary to transfer the probate matter to the general civil calendar never occurred – that is, the court did not determine that the matter should be determined in a civil action. Therefore, Welfare and Institutions Code section 15657 did not divest the probate court of jurisdiction to enter the award of attorney fees relating to the conservatorship.

And, in any event, the probate court is part of the superior court. As far as jurisdiction is concerned, there is no difference between the probate court and the general civil calendar – both function under the general jurisdiction possessed by the superior court.

"[S]ince the adoption of the California Constitution in 1879 there has been no 'probate' court in the sense of a court separate and distinct from the superior court. The term 'probate court' is but a convenient way of expressing the concept of a superior court sitting in exercise of its probate jurisdiction. This is but a colloquial expression such as it is used in referring to the domestic relations court, family court, or traffic court. Such expressions as these do not give courts performing these specific functions official status as a separate court. [Citation.] 'Probate jurisdiction is in the superior court, and the probate court is a department of the superior court exercising such jurisdiction.' [Citation.]" (*Copley v. Copley* (1978) 80 Cal.App.3d 97, 107.)

Consequently, there was no jurisdictional reason the superior court could not grant a request for attorney fees in this matter.

Letherblaire also contends that the attorney fee award constituted "a due process deprivation" because "no valid authority remain[ed] for the court to continue to exercise

4

its general jurisdiction." As already noted, the superior court had jurisdiction in the conservatorship matter, so there was no due process deprivation.

Letherblaire quotes extensively from *Estate of Jenanyan* (1982) 31 Cal.3d 703 (*Jenanyan*). In that case, the court held that "a claim of lack of jurisdiction is a corollary to a claim of insufficient notice. The trial court is without jurisdiction to make an order which has not been properly noticed, unless the right to notice has been waived." (*Id.* at p. 708.) Here, there is no issue of sufficient notice; therefore, *Jenanyan* is not on point.

Letherblaire also quotes extensively from *Law Offices of Stanley J. Bell v. Shine, Browne & Diamond* (1995) 36 Cal.App.4th 1011 (*Bell*). In *Bell*, an attorney lost in his bid to collect attorney fees in a Nevada court. (*Id.* at p. 1018.) He later filed a separate action in California seeking a judicial declaration of his entitlement to the fees. He claimed that the Nevada court lacked jurisdiction to make such a determination. While the California appellate court agreed that the Nevada court had acted in excess of its jurisdiction, it concluded that the attorney was barred from recovery in California because he appeared in Nevada and pursued his claim there but did not appeal from the Nevada court's order. (*Id.* at pp. 1023-1024.)

Here, there is no issue of more than one court exercising jurisdiction in a case. The superior court had subject matter jurisdiction to decide the attorney fee request, and its exercise of that jurisdiction is not called into doubt by the decision in *Bell*.

Likewise, none of the other cases cited by Letherblaire support her assertion that the superior court lacked subject matter jurisdiction to enter the attorney fee award.

To the extent Letherblaire may have attempted to raise other issues on appeal, we do not address them because they were not adequately raised and supported by authority. (*People v. Stanley* (1995) 10 Cal.4th 764, 793; *Founding Members of the Newport Beach Country Club v. Newport Beach Country Club, Inc.* (2003) 109 Cal.App.4th 944, 964.)

DISPOSITION

The order is affirmed.  Robie is awarded his costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)


                                                      \_\_\_\_\_NICHOLSON\_\_\_\_\_, Acting P. J.


We concur:


\_\_\_\_\_BUTZ_____, J.


\_\_\_\_\_MURRAY_____, J.

6