[No. C006111. Third Dist. Oct. 20, 1989.]

Estate of ANISITO CRUZ, Deceased.
LANI CASTRO CRUZ, Plaintiff and Appellant, v.
THE STATE OF CALIFORIA, Defendant and Respondent.

COUNSEL

Guy G. Gibson, Jr., for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, and Peter K. Shack, Deputy Attorney General, for Defendant and Respondent.

OPINION

**BLEASE, J.**—The superior court found appellant Lani Castro Cruz (Cruz) was the sole known heir for and entitled to possession of the whole of an estate which had escheated to the state. In this appeal Cruz challenges the portion of the court's order prohibiting immediate distribution of the estate. ■ She asserts she is entitled to immediate distribution and the state agrees. We also find delaying the distribution was improper.

A public administrator of the estate at issue had asked that the court distribute it to the state when no heirs claimed it. (Prob. Code, §§ 1144, 1027.)[1] Cruz filed a petition with the court seeking distribution of the estate

---

[1] Former Probate Code section 1144 provided in relevant part: "The public administrator . . . shall file with the clerk of the court a statement showing the property of the decedent that came into possession of the public administrator and the disposition made thereof . . . . Any money or other property of a decedent remaining in the possession of the public administrator shall be delivered to the devisees or beneficiaries under the decedent's last will, or to the heirs in the absence of a will, and, if none, to the State of California . . . .

"Upon rendition of a court order distributing money or other property to the State of California under subdivision (a) of Section 1143, the public administrator shall immediately transmit to the Treasurer or Controller all money or other property distributed to the State of California . . . ."

to herself on the basis the decedent was her uncle and that she was the sole known heir. (Code Civ. Proc., § 1355.)[2] The superior court found Cruz was the sole known heir and that she was entitled to the whole estate but ordered that it not be distributed to her until five years had elapsed from the date upon which the estate had first escheated to the state.

In delaying distribution to Cruz, the court apparently relied on Code of Civil Procedure section 1355 and former Probate Code section 1027. Probate Code section 1027 formerly required that the state hold for five years any estate which escheated to it before initiating proceedings to formally take title to the property. Code of Civil Procedure section 1355 allows a potential heir five years from the state's initial reception of an escheated estate to file a claim to recover the estate. In this case, the date on which the state could have initiated formal proceedings is the date on which the estate will be distributed to Cruz. The court was apparently concerned that other, as yet unknown, heirs might subsequently present claims against the estate.

Delaying distribution of the estate is not required because unknown heirs do not have a vested interest in an escheated estate during the state's five-year waiting period. The underlying principle is that escheats are disfavored and are to be avoided if possible. (*Mannheim* v. *Superior Court* (1970) 3 Cal.3d 678, 691-92 [91 Cal.Rptr. 585, 478 P.2d 17].) Normally heirs have a reasonable period during the estate administration in which to present claims. Claimants who come forward after distribution to the known heirs cannot challenge the distribution once it is final. (*Id.,* at p. 692, 692, fn. 10.)

Former Probate Code section 1144 has been superseded by Probate Code sections 7660-7666. (Stats. 1988, ch. 1199, § 57.5.)

Former Probate Code, section 1027 provided in relevant part: "(a) Executors or administrators, public or otherwise, shall petition for distribution of an estate at the time of filing a final account. If the court . . . does not distribute the entire balance of the estate remaining for distribution to known heirs, devisees, or legatees entitled to succeed thereto, it must distribute to the State of California that portion of the estate not distributed to the known heirs, devisees, or legatees. . . ."

Former Probate Code section 1027 has been superseded by Probate Code sections 11900-11904. (Stats. 1988, ch. 1199, § 91.5.)

[2] Code of Civil Procedure section 1355, provides in relevant part: "Within five years after date of entry of judgment in any proceeding had under the provisions of Chapter 5 . . . a person not a party or privy to such proceeding or action, if not otherwise barred, may file a petition . . . showing his claim or right to the money or other property, or the proceeds thereof.

". . . . . . . . . . . . . . .

"The court must thereupon try the issue as issues are tried in civil actions; and if it is determined that such person is entitled to the money or other property or the proceeds thereof, it must order the property, if it has not been sold, to be delivered to him, or if it has been sold and the proceeds thereof paid into the State Treasury, it must order the Controller to draw his warrant on the Treasurer for the payment of the same . . . ."

The five-year period delaying the final escheat to the state does not vest an absolute right in all heirs to state claims during that time. That delay is merely a final attempt to prevent the escheat and only occurs where there is a possibility of an escheat. Where there is a mechanism to distribute the estate and prevent the escheat there is no reason to provide the extra five-year period. (3 Cal.3d at p. 692.) Heirs who lose the opportunity to present claims during the five-year period because another heir claims the estate first therefore suffer no disadvantage greater than that endured by any heir who fails to come forward during the normal estate administration. (*Ibid.*) Thus, immediate distribution is proper when the court finds an heir is entitled to an escheated estate during the five-year period.

There are additional reasons for this rule. If immediate distribution were not required, the state would be forced to manage an estate that would not be subject to an escheat. This places an unnecessary burden on the state. (3 Cal.3d at p. 693.) In addition, the claims statute, Code of Civil Procedure section 1355, requires that where the court finds a petitioner is entitled to an escheated estate, the court must "order the property . . . delivered to [the petitioner] . . . ." The statute thus provides for immediate distribution once a claim is proven.

Code of Civil Procedure section 1335 also supports our conclusion. That section provides that an action cannot be brought against the state to recover property which has been distributed to a petitioner under Code of Civil Procedure section 1355. By immunizing the state against subsequent claims the Legislature has indicated that immediate distribution is not inappropriate.

The case is remanded. The superior court is directed to amend its order to authorize immediate distribution of the estate as requested in the petition. The parties shall bear their own costs.

Puglia, P. J., and Scotland, J., concurred.