Opinion
 

 BARON, J.
 

 Appellant filed a petition to recover escheated property on behalf of himself and two relatives, and judgment was entered in appellant’s favor. Respondent subsequently filed a motion under Code of Civil Procedure section 473 to vacate the judgment on behalf of herself and yet another relative. The trial court vacated the judgment on equitable grounds. We conclude that respondent did not establish a basis for relief from the judgment, and reverse.
 

 Factual and Procedural Background
 

 On July 25, 1996, appellant Joseph A. Parage filed a petition to recover escheated property under Code of Civil Procedure section 1355 on behalf of himself, Marie Adeline Baumgartner, and Lina Marie Louise Ansolabehere. The petition alleged that Andre Cailleux died intestate on April 7, 1992, and that following probate, Cailleux’s net estate of $116,481.76 escheated to the State of California because no heirs had appeared to claim a share of the estate. The petition further alleged that Parage was Cailleux’s third cousin twice removed, Baumgartner and Ansolabehere were Cailleux’s third cousins once removed, and as such, each cousin was entitled to one-third of Cailleux’s estate. On September 11,1996, the trial court entered judgment in Parage’s favor.
 

 On January 15, 1997, respondent Marie Jeanne Couedel filed a motion on behalf of herself and Yvette Arcuset, both French citizens, to vacate the
 
 *1041
 
 judgment under Code of Civil Procedure section 473, and a petition under Code of Civil Procedure section 1355 to recover escheated property. The petition alleged that Couedel was Cailleux’s first cousin, Arcuset was Cailleux’s first cousin once removed, and each was entitled to one-third of Cailleux’s estate. The section 473 motion contended that Couedel and Arcuset were entitled to relief from the judgment because neither had received notice of the pertinent proceedings.
 

 At a hearing on March 4, 1997, the trial court denied relief under Code of Civil Procedure section 473, but set aside the judgment on equitable grounds, citing the fact that appellant’s counsel still held the estate undistributed in a trust account. On March 19,1997, the trial court filed a written order vacating the judgment. This appeal followed.
 

 Discussion
 

 Appellant contends that the trial court erred in setting aside the judgment. We agree.
 

 Our analysis follows established principles. First, although the trial court granted relief from judgment on equitable grounds, we will affirm this ruling if a legally correct reason exists under Code of Civil Procedure section 473 to sustain it. (See
 
 Rappleyea
 
 v.
 
 Campbell
 
 (1994) 8 Cal.4th 975, 981 [35 Cal.Rptr.2d 669, 884 P.2d 126].)
 

 Second, rulings granting relief on equitable grounds are reviewed in the same manner as decisions under Code of Civil Procedure section 473, namely, for abuse of discretion. (See
 
 Rappleyea
 
 v.
 
 Campbell, supra,
 
 8 Cal.4th at p. 981.) “That discretion, however, ‘ “is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised
 
 ex gratia,
 
 but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice.” ’ [Citations.]”
 
 (Carroll
 
 v.
 
 Abbott Laboratories, Inc.
 
 (1982) 32 Cal.3d 892, 898 [187 Cal.Rptr. 592, 654 P.2d 775].)
 

 Third, the party moving for relief from a judgment has the burden of establishing the basis for relief.
 
 (Marcotte
 
 v.
 
 Municipal Court
 
 (1976) 64 Cal.App.3d 235, 239 [134 Cal.Rptr. 314] [Code Civ. Proc., § 473];
 
 Rappleyea
 
 v.
 
 Campbell, supra,
 
 8 Cal.4th at p. 982.)
 

 A.
 
 Section 473
 

 Code of Civil Procedure section 473 provides that “[t]he court may, upon any terms as may be just, relieve a party . . . from a judgment, dismissal,
 
 *1042
 
 order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect,” provided that application for relief is “made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken.” (§ 473, subd. (b).) “[B]ecause the law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default. [Citations.]”
 
 (Elston
 
 v.
 
 City of Turlock
 
 (1985) 38 Cal.3d 227, 233 [211 Cal.Rptr. 416, 695 P.2d 713].) However, “. . . if a party fails to show that a judgment has been taken against him through his mistake, inadvertence, surprise or excusable neglect the court may not grant relief. It has no discretion.”
 
 (Iott
 
 v.
 
 Franklin
 
 (1988) 206 Cal.App.3d 521, 528 [253 Cal.Rptr. 635].)
 

 Here, respondent’s Code of Civil Procedure section 473 motion was timely, and contended solely that as a result of mistake and inadvertence, respondent and Yvette Arcuset did not receive actual notice of the probate proceedings or appellant’s petition under section 1355. The issue thus presented concerns the adequacy of notice in probate and subsequent escheat proceedings.
 

 Probate and escheat proceedings are in rem, that is, seek to affect the interests of all persons in certain property. (See
 
 Mannheim
 
 v.
 
 Superior Court
 
 (1970) 3 Cal.3d 678, 692 [91 Cal.Rptr. 585, 478 P.2d 17]; 2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction, § 234, p. 794;
 
 id.,
 
 § 236, pp. 796-797.) In such proceedings, constructive notice authorized by statute satisfies the requirements of due process. (See 2 Witkin, Cal. Procedure,
 
 supra,
 
 Jurisdiction, § 253, p. 820.)
 

 Thus, with regard to probate proceedings, “[b]y giving the notice prescribed by the statute, the entire world is called before the court, and the court acquires jurisdiction over all persons for the purpose of determining their rights to any portion of the estate . . . .”
 
 (Abels
 
 v.
 
 Frey
 
 (1932) 126 Cal.App. 48, 53 [14 P.2d 594].) In probate proceedings, “. . . one who lives in another state, or in a foreign country, and never in fact received any notice, is still bound if the statutory notice was given. [Citations.]”
 
 (Stevens
 
 v.
 
 Torregano
 
 (1961) 192 Cal.App.2d 105, 122 [13 Cal.Rptr. 604].) Furthermore, in
 
 Mannheim
 
 v.
 
 Superior Court, supra,
 
 3 Cal.3d at page 692, our Supreme Court applied these principles to escheat proceedings, stating that when statutory escheat procedures are followed, “[u]nknown heirs who fail to come forward . . . cannot later complain of the distribution to other known heirs after it has become final.... [Citations.]” (See
 
 Mannheim
 
 v.
 
 Superior Court, supra,
 
 3 Cal.3d at p. 692 & fn. 10.)
 

 In the present case, the pertinent statutes authorize constructive notice to unknown heirs. The Probate Code permits a public administrator to
 
 *1043
 
 take control of a decedent’s estate subject to loss, injury, waste, or misappropriation (Prob. Code, § 7601, subd. (a)), and to initiate probate proceedings by petitioning for appointment as personal representative of the estate (Prob. Code, §§ 7620, subd. (a), 8000). Notice of the petition to unknown heirs is made by publication. (See Prob. Code, §§8110, 8120;
 
 Estate of Buckley
 
 (1982) 132 Cal.App.3d 434, 449 [183 Cal.Rptr. 281] [“[T]he Legislature has apparently determined that because the court seeks to bind the world by its judgment, the publication requirement is vital.”].)
 

 Code of Civil Procedure section 1420 et seq. authorizes the Attorney General to commence a proceeding to obtain a judgment that the state is entitled to unclaimed property by reason of an escheat. Following the filing of a petition by the Attorney General, the trial court must publish in a pertinent newspaper an order requiring interested persons to appear in the action, and file a copy of the order with the papers applicable to the estate. (Code Civ. Proc., § 1420, 3d & 4th par.) After publishing the order, the trial court acquires jurisdiction over the property and the rights of all claimants. (Code Civ. Proc., § 1420, 3d par.)
 

 Code of Civil Procedure section 1355 “allows a potential heir five years from the state’s initial reception of an escheated estate to file a claim to recover the estate.”
 
 (Estate of Cruz
 
 (1989) 215 Cal.App.3d 1416, 1418 [264 Cal.Rptr. 492].) With respect to notice, section 1355 requires only that petitioners serve their petitions on the Attorney General, and in cases involving real estate, record notices in the relevant county. (Code Civ. Proc., § 1355.) Once the trial court determines that petitioners are heirs, they are entitled to immediate distribution of the escheated estate to free the state from the burden of managing the estate.
 
 (Estate of Cruz, supra,
 
 215 Cal.App.3d at pp. 1418-1419.)
 

 Here, appellant submitted evidence that constructive notice by publication was provided to unknown heirs in accordance with the Probate Code, and that he was unaware of respondent and Arcuset until they filed their motion for relief. Respondent did not dispute these contentions, but argued solely that she was entitled to personal notice, citing
 
 Estate of Jenanyan
 
 (1982) 31 Cal.3d 703, 708 [183 Cal.Rptr. 525, 646 P.2d 196]. In
 
 Jenanyan,
 
 our Supreme Court concluded that a party to a probate proceeding who had filed a request for special notice was thereafter entitled to personal notice of all pertinent proceedings. (See
 
 id.
 
 at pp. 708-711.) However, unlike the party in
 
 Jenanyan,
 
 respondent concedes that she did not file a similar request. Accordingly, the evidence in the record indicates that respondent was entitled solely to statutory constructive notice, and that she received this notice.
 

 The issue thus presented is whether respondent’s mere failure to receive actual notice constitutes “mistake, inadvertence, surprise, or excusable neglect” within the meaning of Code of Civil Procedure section 473. In
 
 Estate
 
 
 *1044
 

 of Leonis
 
 (1902) 138 Cal. 194, 200 [71 P. 171], our Supreme Court resolved this issue, concluding that the trial court erred in setting aside a probate order under section 473 because lack of actual notice did not warrant relief when the parties in question were entitled solely to constructive notice. The court stated: “The main claim . . . was, that the heirs had no notice or knowledge of the ‘filing or granting of the petition for sale of real estate.’ The heirs had notice. The estate had been long pending in court. The statutory mode of acquiring jurisdiction was followed. The court acquired jurisdiction, and, although the notice was constructive, it was none the less binding upon all the world. [Citations.]”
 
 (Estate of Leonis, supra,
 
 138 Cal. at p. 200.)
 

 We therefore conclude that respondent was not entitled to relief from judgment under Code of Civil Procedure section 473.
 

 B.
 
 Equity
 

 A judgment against a party may be set aside in equity when it is obtained by extrinsic fraud or mistake. (See 8 Witkin, Cal. Procedure (4th ed. 1997) Attack on Judgment in Trial Court, § 223, pp. 727-728;
 
 id.,
 
 § 231, pp. 741-742.) The “essential characteristic” of extrinsic fraud “is that it has the effect of preventing a fair adversary hearing, the aggrieved party being deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense.” (8 Witkin,
 
 supra,
 
 § 223, p. 727.) Extrinsic mistake is “a term broadly applied when circumstances extrinsic to the litigation have unfairly cost a party a hearing on the merits. [Citations.]”
 
 (Rappleyea
 
 v.
 
 Campbell, supra,
 
 8 Cal.4th at p. 981.) “Relief is denied, however, if a party has been given notice of an action and has not been prevented from participating therein.”
 
 (Kulchar
 
 v.
 
 Kulchar
 
 (1969) 1 Cal.3d 467, 472 [82 Cal.Rptr. 489, 462 P.2d 17, 39 A.L.R.3d 1368].)
 

 The key issue here is whether respondent’s failure to receive actual notice constitutes extrinsic fraud or mistake. In
 
 Stevens
 
 v.
 
 Torregano, supra,
 
 192 Cal.App.2d at page 110, an heir filed a petition in a probate action seeking to overturn two decrees of partial distribution because she had been unaware of the proceedings. Following a careful analysis of notice in probate proceedings, the court in
 
 Stevens
 
 concluded that her petition failed to allege a claim in equity, reasoning that when an executor gives constructive notice to unknown heirs in accordance with the probate statutes, lack of personal notice does not amount to extrinsic fraud or mistake. (See
 
 id.
 
 at pp. 121-123.)
 

 We therefore conclude that the trial court erred in granting relief from the judgment on equitable grounds.
 

 
 *1045
 
 Disposition
 

 The order vacating the judgment is reversed. Appellant is awarded his costs.
 

 Vogel (C. S.), P. J., and Hastings, J., concurred.