Filed 4/14/16  Huffman v. State of California CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DANIEL G. HUFFMAN, | D067816 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2012-00091220-CU-CR-CTL) |
| STATE OF CALIFORNIA, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Judith F.

Hayes, Judge.  Affirmed.

The Okorocha Firm and Okorie C. Okorocha for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Jonathan L. Wolff, Assistant Attorney

General, Thomas S. Patterson and John P. Walters, Deputy Attorneys General, for

Defendant and Respondent.

In this appeal from a judgment involving plaintiff and appellant Daniel G.

Huffman's claims against defendant and respondent the State of California (the State),

Huffman challenges the trial court's orders sustaining without leave to amend the State's

demurrer to his second amended complaint and dismissing the State from the action, then denying Huffman's motion under Code of Civil Procedure[1] section 473, subdivision (b) for relief from the dismissal.  We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Huffman sued the State and several "John Doe" correctional officers for negligence, assault, battery by a peace officer, intentional infliction of emotional distress, and violation of Civil Code section 52, subdivision (a) (the Unruh Civil Rights Act).  The State demurred on several grounds; the trial court sustained the demurrer without leave to amend and ordered the action dismissed.  (*Huffman v. State of California* (Nov. 12, 2013, D063025) [nonpub. opn.] (*Huffman I*).)[2]  On Huffman's first appeal, this court reversed the judgment of dismissal as to the State and the Doe defendants and remanded the case with directions that the court enter a new order sustaining the State's demurrer without leave to amend as to Huffman's existing causes of action against the State only, but granting Huffman leave to amend to allege a new cause of action against the State under Government Code section 845.6.  (*Ibid*.)  We also directed the action to proceed against the Doe defendants.  (*Ibid*.)

---

[1]   Statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2]   We take judicial notice of our prior nonpublished opinion and the appellate record in the matter.  (Evid. Code, §§ 452, subd. (d) [judicial notice may be taken of court records], 459; Cal. Rules of Court, rule 8.1115(b)(1); *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1171-1173 [court may take judicial notice of prior nonpublished opinions in related appeals on its own motion].)

2

This court's remittitur issued on January 15, 2014. On January 21, 2014, the trial court issued a signed minute order vacating its dismissal as to the Doe defendants and ordering the action to proceed against them. The court dismissed the matter as to the State.[3]

On April 2, 2014, Huffman filed a second amended complaint against the State and Does 1 through 7. Huffman asserted the same causes of action—negligence, assault, battery by a peace officer, intentional infliction of emotional distress, and violation of the Unruh Civil Rights Act—against the Doe defendants, and added a cause of action against all defendants for violation of Government Code section 845.6.

The State demurred on grounds Huffman's second amended complaint was untimely under section 472b, which required that Huffman file his amended pleading within 30 days after the clerk's mailing of the notice of issuance of the remittitur.[4] It also moved to strike particular paragraphs from Huffman's pleading alleging vicarious liability against the State on his preexisting causes of action.

---

[3] The January 21, 2014 minute order departed from our directions on remittitur to grant Huffman leave to amend to state a new cause of action against the State. However, the court and parties later proceeded as if the State were not dismissed. We presume given the State's reappearance in the case, that the court vacated this order as to the State or treated it as a nullity.

[4] Section 472b provides in part: "When an order sustaining a demurrer without leave to amend is reversed or otherwise remanded by any order issued by a reviewing court, any amended complaint shall be filed within 30 days after the clerk of the reviewing court mails notice of the issuance of the remittitur." Huffman does not dispute he filed his second amended complaint 77 days after the mailing of the notice of the remittitur's issuance.

In opposition, Huffman conceded the State's motion to strike. However, Huffman asserted his counsel had never received a copy of the court's January 21, 2014 minute order which erroneously dismissed the State, and she had attempted to contact the trial court clerk and this court's clerk as to the deadline to file an amended pleading, thus making a mistake entitling Huffman to mandatory relief under section 473, subdivision (b) "in the event that [the trial court] should enter a judgment or dismissal." Huffman's counsel prepared a declaration attesting to these facts, including her multiple attempts in March 2014 to ask the court clerks when the amended pleading was due, only to be told they were unaware of the status. Counsel stated that as of the filing of Huffman's opposition papers, the court had not yet issued an "accurate" minute order. She did not deny receiving this court's remittitur.

The trial court continued the State's demurrer hearing, finding Huffman's arguments regarding section 473 relief "premature" and directing him to submit supplemental briefing on the applicability of section 472b. Huffman thereafter conceded in his supplemental briefing that his second amended complaint was technically untimely under 472b, but he argued he was entitled to section 473 relief from the "anticipated dismissal." He reiterated his counsel's efforts to ascertain the deadline to file the second amended complaint and the issues with the January 21, 2014 minute order, arguing "a complete and accurate Minute Order was never issued by this Court, one which would state the time for Plaintiff to file the Second Amended Complaint, and was supposed to include language as dictated by the Court of Appeal that Plaintiff had the right to file a cause of action against Defendant State pursuant to Government Code section 845.6."

4

On November 14, 2014, the trial court sustained the State's demurrer without leave to amend, ruling section 472b applied. It denied Huffman's request for relief under section 473 as "not properly before the court." The court ordered the State dismissed from the action.

Huffman thereafter moved for mandatory relief under section 473, subdivision (b) to set aside the State's dismissal. He argued his failure to timely file the second amended complaint was the result of his counsel's admitted mistake. Huffman attached the declaration his counsel had previously prepared for the supplemental briefing on section 472b. On March 11, 2015, the trial court ruled Huffman's counsel's failure to know the section 472b deadline and failure to ascertain the deadline was insufficient grounds for discretionary relief under section 473, subdivision (b). It stated that although Huffman's counsel contacted the trial court clerk and this court's clerk to learn the applicable deadline, his counsel was "required to research and discover the law in this regard and not rely on" the clerks. The court further pointed out Huffman's counsel had contacted the clerks after section 472b's 30-day time period had expired. The court cited *Pagarigan v. Aetna U.S. Healthcare of California, Inc.* (2007) 158 Cal.App.4th 38, 44, and concluded, "If [Huffman] had a question in this regard he should have filed something." Also relying on *Pagarigan*, as well as *Gotschall v. Daley* (2002) 96 Cal.App.4th 479, 483-484, the court denied mandatory relief on grounds the State's dismissal was "not a dismissal akin to a default"; rather, the dismissal resulted from Huffman's counsel's failure to timely file an amended complaint under section 472b.

5

Huffman filed this appeal.  Huffman's April 1, 2015 notice of appeal states that he is appealing from a judgment of dismissal under sections 581d, 583.250, 583.360, or 583.430, but it does not specify the date of any such judgment.  However, both Huffman's Civil Case Information Statement and his amended form notice designating the record on appeal specify the trial court's March 11, 2015 order denying his motion for mandatory relief under section 473, subdivision (b) as the appealed-from order.[5]

DISCUSSION

I. *The Trial Court Did Not Abuse its Discretion in Sustaining the State's Demurrer*

Huffman's notice of appeal does not specify the November 14, 2014 minute order sustaining the State's demurrer without leave to amend, but his notice designating the record of appeal, as well as some of his arguments on appeal, suggest he seeks to challenge that order.  He contends the trial court abused its discretion by sustaining the State's demurrer without leave to amend because section 472b is inapplicable to his case.

_____

[5]     An order denying relief under section 473, subdivision (b) is appealable as a special order made after final judgment.  (§ 904.1, subd. (a)(2); *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1008.)  To constitute a judgment, an order of dismissal must be "in the form of a written order *signed by the court* and filed in the action."  (§ 581d, italics added.)  The record contained an unsigned minute order dated November 14, 2014 sustaining the State's demurrer without leave to amend and dismissing the State from the action.  An unsigned minute order is an insufficient basis for appeal under section 581d.  (*Katzenstein v. Chabad of Poway* (2015) 237 Cal.App.4th 759, 768 [" '[a]n order that is not signed by the trial court does not qualify as a judgment of dismissal under section 581d' "]; *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1578.)  We directed Huffman to obtain an appropriate judgment of dismissal or order dismissing the State.  Having obtained a signed minute order dated November 14, 2014, we construe that order as the final judgment that renders the March 11, 2015 order denying section 473, subdivision (b) relief appealable.  (Cal. Rules of Court, rule 8.100(a)(2); see *Vitkievicz v. Valverde* (2012) 202 Cal.App.4th 1306, 1310, fn. 2.)

6

The State argues the trial court correctly applied section 472b in sustaining the State's demurrer.

A notice of appeal must "identif[y] the particular judgment or order being appealed." (Cal. Rules of Ct., rule 8.100(a)(2).) "Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from." (*Polster, Inc. v. Swing* (1985) 164 Cal.App.3d 427, 436; see also *Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 45-47 [rule of liberal construction of notice of appeal does not permit court to address issues pertaining to order or judgment not specified in the notice of appeal].) Having designated only the court's March 11, 2015 order as the appealed-from order, we are without jurisdiction to consider arguments relating to the November 14, 2014 order sustaining the State's demurrer without leave to amend and dismissing it from the case.

Even if we were to construe the notice of appeal as specifying the November 14, 2014 order, rendering Huffman's section 472b argument cognizable on appeal, we would conclude it is without merit. The 30-day time limit to file any amended complaint applies when "an order sustaining a demurrer without leave to amend is reversed *or otherwise remanded by any order issued by a reviewing court*." (§ 472b, italics added.) As an initial matter, Huffman conceded in the trial court below that section 472b applied and that he untimely filed the amended complaint. Setting that aside, his sole cursory argument on appeal consists of a quote from *Dye v. Caterpillar, Inc.* (2011) 195 Cal.App.4th 1366, where the court stated that the "Legislature intended the 30-day time limit [of section 472b] to apply only when a reviewing court directs a trial court to sustain

a demurrer with leave to amend." (*Id*. at p. 1379.) That is what occurred here. Our decision in *Huffman I* remanded the case with directions that the court enter a new order sustaining the State's demurrer without leave to amend as to Huffman's existing causes of action against the State while "*granting Huffman leave to amend* to allege a cause of action [against the State] under Government Code section 845.6." (*Huffman I*, *supra*, D063025, italics added; accord, *Pagarigan*, *supra*, 158 Cal.App.4th at pp. 42-43 [section 472b applied when prior appellate decision remanded the case with instructions to " 'sustain the demurrer with leave to amend as to the first and eleventh causes of action in the [plaintiffs'] complaint and to sustain the demurrer without leave to amend as to the remaining counts' "]; see also *Dye*, at p. 1379 [distinguishing *Pagarigan* and stating "*Pagarigan* is not inconsistent with the Dyes' contention that section 472b's 30-day time limit only applies when a reviewing court directs the trial court to sustain a demurrer with leave to amend"].) *Dye v. Caterpillar* does not assist Huffman because there, the 30-day period was inapplicable where an appellate court found facts were adequately pleaded, and issued an outright reversal of an order sustaining a demurrer. (*Dye*, 195 Cal.App.4th at pp. 1371-1372, 1383 ["Because this court's prior opinion did not direct the trial court to sustain defendants' demurrers to the third and fourth amended complaints with leave to amend, we conclude that the 30-day time limit did not apply"].) *Dye* is inapposite.

Because the trial court properly applied section 472b, it did not abuse its discretion in sustaining the State's demurrer without leave to amend.

II. *Huffman Is Ineligible for Relief Under Section 473, Subdivision (b)*

Huffman contends the trial court abused its discretion when it denied his motion to set aside the State's dismissal under section 473, subdivision (b). The State asserts Huffman's failure to timely file his second amended complaint under section 472b disqualifies him from mandatory relief under section 473, subdivision (b), because that provision only applies to dismissals "procedurally equivalent to a default." The State further argues Huffman cannot receive discretionary relief under section 473, subdivision (b), because his counsel's failure to comply with section 472b's statutory deadline was an unreasonable mistake of law.

A. *Standard of Review*

Because the facts underlying the State's dismissal are not in dispute, we review the applicability of the mandatory relief provision of section 473, subdivision (b) de novo as a pure question of law. (*Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 399; *Leader v. Health Industries of America* (2001) 89 Cal.App.4th 603, 612, 620; see also *Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 226 (*Henderson*) [reviewing the issue of whether the mandatory provision applies to summary judgments de novo as a question of statutory construction].) If the prerequisites for the mandatory provision of section 473, subdivision (b) exist, the trial court does not have discretion to refuse relief. (*Leader*, at p. 612.)

"A ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse." (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.) "The appropriate test for abuse of discretion

9

is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478-479.)

We recognize that the trial court's discretion in such motions is limited by the public policy that favors trials on the merits and that "very slight evidence is required to justify a trial court's order setting aside a default." (*Shamblin v. Brattain*, *supra*, 44 Cal.3d at p. 478.) Thus, " 'a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits.' " (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980.)

B. *Mandatory Relief Under Section 473, Subdivision (b) Does Not Apply Because Dismissal of the State Was Not "Procedurally Equivalent to a Default"*

The mandatory relief provision under section 473, subdivision (b) provides: "[T]he court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."

"The mandatory relief provision of section 473[, subdivision] (b) is a 'narrow exception to the discretionary relief provision for default judgments and dismissals.'

10

[Citation.] Its purpose ' "was to alleviate the hardship on parties who *lose their day in court* due solely to an inexcusable failure to act on the part of their attorneys." ' " (*Henderson*, *supra*, 187 Cal.App.4th at p. 226; see also *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257.) It "was never intended to be a 'catch-all remedy for every case of poor judgment on the part of counsel which results in dismissal.' " (*Gotschall v. Daley*, *supra*, 96 Cal.App.4th at p. 483, quoting *Huens v. Tatum* (1997) 52 Cal.App.4th 259, 263, limited to mandatory relief provisions of section 473 as noted in *Zamora*, at pp. 256-257.)

In keeping with these principles, appellate courts have limited the mandatory relief provision of section 473, subdivision (b) to apply only to dismissals that are the "procedural equivalent of a default"—i.e., those that occur because the plaintiff's attorney has failed to oppose a dismissal motion. (*Leader v. Health Industries of America, Inc.*, *supra*, 89 Cal.App.4th at p. 620 ["[W]hen the Legislature incorporated dismissals into section 473, subdivision (b) it intended to reach only those dismissals which occur through failure to oppose a dismissal motion"]; see also *Pagarigan v. Aetna U.S. Healthcare of California, Inc.*, *supra*, 158 Cal.App.4th at p. 45; *Matera v. McLeod* (2006) 145 Cal.App.4th 44, 64-65; *Jerry's Shell v. Equilon Enterprises, LLC* (2005) 134 Cal.App.4th 1058, 1070-1072 [discussing cases; relief may be afforded where counsel's failure to appeal in opposition to a dismissal motion is the fault of counsel, and in that case the relief afforded to a dismissed plaintiff is comparable to the relief afforded to a defaulting defendant]; *Peltier v. McCloud River R.R. Co.* (1995) 34 Cal.App.4th 1809, 1820-1821.) Courts have rejected a literal construction of the term "dismissal" in the

11

mandatory relief provision of section 473 as inconsistent with the apparent purpose of the statute.  (*Matera v. McLeod*, at p. 65.)  Such a narrow interpretation " 'is consistent with the statute's policy to put plaintiffs whose cases are dismissed for counsel's failure to respond to the dismissal motion on the same footing as defendants who have defaulted because of counsel's failure to respond.' "  (*Gotschall v. Daley*, *supra*, 96 Cal.App.4th at p. 483.)

Applying this reasoning, courts have declined to apply the mandatory provision to dismissals for lapsing of the statute of limitations (*Castro v. Sacramento County Fire Protection Dist.* (1996) 47 Cal.App.4th 927, 233) and failure to file an amended complaint after a demurrer has been sustained with leave to amend.  (*Gotschall v. Daley*, *supra*, 96 Cal.App.4th at pp. 483-484, citing *Leader v. Health Industries of America, Inc.*, *supra*, 89 Cal.App.4th at p. 620.)  In *Leader*, the court held that a plaintiff may not obtain mandatory relief from a dismissal based on the failure to file an amended complaint after a demurrer has been sustained with leave to amend, "at least where, as here, the dismissal was entered after a hearing on noticed motions which required the court to evaluate the reasons for delay in determining how to exercise its discretion." (*Leader*, at p. 620.)  The defendant in *Leader* did not timely file an amended complaint following a sustaining of a demurrer, and later sought to excuse the failure by his counsel's declaration that he had "misplaced" client materials necessary to remedy the pleading deficiencies.  The court affirmed the judgment of dismissal, comparing the circumstances in that case to discretionary dismissals for delay in prosecution:  " ' "[V]irtually all such dismissals are attorney caused and such a construction [interpreting the mandatory provision of section

12

473 to encompass such dismissals] would result in a disfavored repeal of the discretionary dismissal statute[s] by implication." ' [Citation.] 'This conclusion is consistent with the narrow view of the Legislature's intent which appellate courts have taken, i.e., that the section's purpose was simply "to put plaintiffs whose cases are dismissed for failing to respond to a dismissal motion on the same footing with defendants who are defaulted for failing to respond to an action." ' " (*Leader*, 89 Cal.App.4th at p. 620.)

Here, the trial court dismissed the State on November 14, 2014, and Huffman filed his motion to set aside the dismissal accompanied by his counsel's declaration in February 2015, well within the six-month statutory deadline. However, the trial court found the State's dismissal was the result of counsel's failure to comply with section 472b, a dismissal that was not "akin to a default." Huffman's opposition to the State's demurrer and motion to strike indicated his counsel's intention to file a section 473, subdivision (b) motion in the event the trial court sustained the demurrer and dismissed the State. His counsel reiterated the argument for mandatory relief in the supplemental briefing on section 472. Huffman's counsel also appeared telephonically at the November 11, 2014 hearing and argued against the State's demurrer and motion to strike. Having had his "day in court"—an opportunity to present evidence and argument in opposition to the State's demurrer and motion to strike—the State's dismissal was not a dismissal "procedurally equivalent to a default" that would entitle Huffman to mandatory relief. (Accord, *Leader v. Health Industries of America, Inc.*, *supra*, 89 Cal.App.4th at pp. 617, 621; *Brown v. Williams* (2000) 78 Cal.App.4th 182, 189 [when plaintiff

13

appeared and participated in hearing, plaintiff's counsel's failure to request trial de novo is not grounds for invoking mandatory relief provision; judgment entered against plaintiff was not the procedural equivalent of a default].)

C. *The Trial Court Did Not Abuse Its Discretion in Denying Huffman Discretionary Relief Under Section 473, Subdivision (b) Because His Counsel Made an Unreasonable Mistake of Law*

The discretionary relief provision provides:  "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."  (§ 473, subd. (b).)  "As the California Supreme Court [has] observed:  'The discretionary relief provision of section 473, subdivision (b) applies to any "judgment, dismissal, order, or other proceeding." ' [Citation.]  Thus, for example, 'the failure of counsel to meet a procedural deadline' is 'a proper subject for section 473 relief.' "  (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1419.)

An honest mistake of law is a valid ground for discretionary relief when the legal problem posed is " 'complex and debatable.' "  (*Toho-Towa Co. v. Morgan Creek Productions, Inc.* (2013) 217 Cal.App.4th 1096, 1111.)  However, a mistake is not a ground for discretionary relief when it is simply the result of general ignorance of the law.  (*Henderson*, *supra*, 187 Cal.App.4th at p. 229; *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1206, quoting 8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 155, p. 749 ["Where the court finds that the 'mistake' is simply

14

the result of professional incompetence, general ignorance of the law, or unjustifiable negligence in discovering the law, relief will be denied"].) "While a mistake in law is a ground for relief under section 473, the 'issue of which mistake in law constitutes excusable neglect presents a question of fact. The determining factors are the reasonableness of the misconception and the justifiability of lack of determination of the correct law. [Citation.]' [Citation.] '[I]gnorance of the law coupled with negligence in ascertaining it will certainly sustain a finding denying relief.' " (*Robbins v. Los Angeles Unified School District* (1992) 3 Cal.App.4th 313, 319, superseded by statute on another ground as stated in *Scott Co. of California v. United States Fidelity & Guaranty Insurance Company* (2003) 107 Cal.App.4th 197, 208, disapproved on other grounds in *LeFrancois v. Goel* (2005) 35 Cal.4th 1094, 1107 & fn. 5.)

Here, the legal issue as to which Huffman was mistaken was neither complex or debatable. The language of section 472b sets a clear and mandatory 30-day deadline for filing an amended complaint after the clerk of the reviewing court mails notice of issuance of the remittitur. (See *Pagarigan v. Aetna U.S. Healthcare of California, Inc.*, *supra*, 158 Cal.App.4th at p. 44 [section 472b is " 'absolutely completely clear' "].) This court's remittitur issued on January 15, 2014, and Huffman makes no claim that his counsel was unaware of its issuance. Huffman's counsel, however, did not take action to ascertain the deadline to file the second amended complaint until she called the court clerks on March 13, 2014. The trial court denied discretionary relief on grounds counsel's failure to know the section 472b deadline and failure to ascertain it was unreasonable. It ruled, "Plaintiff's counsel is required to research and discover the law in

15

this regard and not rely on the Court Clerk or the Court of Appeal Clerk to advise counsel of the appropriate deadline." We conclude the trial court did not abuse its discretion when it concluded Huffman's mistake of law was unreasonable and denied section 473, subdivision (b) discretionary relief. (Accord, *Pagarigan* at p. 44 [counsel's failure to ascertain the section 472b deadline was an unreasonable mistake of law, and had there been doubt about it, the appellants should have sought leave to file something or acted on it].)

III. *The Trial Court Did Not Abuse Its Discretion in Declining to Exercise Its Equitable Power to Set Aside the State's Dismissal*

Huffman finally contends the trial court abused its discretion in not exercising its inherent equitable power to set aside the dismissal for "extrinsic mistake."[6] The State responds that the conduct of Huffman's counsel does not permit a finding of an extrinsic mistake so as to justify equitable relief.

The court's inherent authority to vacate a default and default judgment on equitable grounds such as extrinsic fraud or extrinsic mistake exists apart from any statute. (*Bae v. T.D. Service Company* (2016) 245 Cal.App.4th 89, 97, in part citing

_____

[6] Huffman's motion below to set aside the dismissal only related to section 473, subdivision (b), and nothing in the record indicates that Huffman moved for equitable relief from the dismissal. "It is well established that issues or theories not properly raised or presented in the trial court may not be asserted on appeal, and will not be considered by an appellate tribunal. A party who fails to raise an issue in the trial court has therefore waived the right to do so on appeal." (*In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 117.) However, "[a]fter six months from entry of default, a trial court may still vacate a default on equitable grounds even if statutory relief is unavailable." (*Rappleyea v. Campbell*, *supra*, 8 Cal.4th at p. 981.) We address Huffman's contentions to obviate the need for Huffman to move for equitable relief following this appeal.

16

*Rappleyea v. Campbell*, *supra*, 8 Cal.4th at p. 981.)  We review such a challenge for an abuse of discretion.  (*Reppleyea*, at p. 981.)  " ' "To set aside a judgment based upon extrinsic mistake one must satisfy three elements.  First, the defaulted party must demonstrate that it has a meritorious case.  Second[ ], the party seeking to set aside the default must articulate a satisfactory excuse for not presenting a defense to the original action.  Last[ ], the moving party must demonstrate diligence in seeking to set aside the default once . . . discovered." ' "  (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, quoting *Rappleyea*, at p. 982; see also *Bae v. T.D. Service Company*, at p. 100.)

Rappleyea* explained that the second element of this three-part test—a satisfactory excuse—is "the same as asking whether an extrinsic mistake occurred."  (*Rappleyea v. Campbell*, *supra*, 8 Cal.4th at pp. 982-983.)  The term "extrinsic mistake" has been "broadly applied when circumstances extrinsic to the litigation have unfairly cost a party a hearing on the merits."  (*Rappleyea*, at p. 981.)  "The term 'extrinsic' refers to matters outside of the issues framed by the pleadings, or the issues adjudicated."  (*Aldrich v. San Fernando Valley Lumber Co.* (1985) 170 Cal.App.3d 725, 738.)  Extrinsic mistake has been found when the attorney's positive misconduct deprives his or her client of a hearing.  (*Id.* at pp. 738-739).  "Positive misconduct is found where there is a total failure on the part of counsel to represent his client."  (*Id.* at p. 739; *Carroll v. Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 898 [positive misconduct occurs where there is a total failure on the part of counsel to represent the client amounting to a "de facto severance of the attorney-client relationship"].)  "Relief is denied, however, if a party has been given notice of an action and has not been prevented from participating therein.  He

17

has had an opportunity to present his case to the court and to protect himself from mistake or from any fraud attempted by his adversary." (*Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 472; see also *Parage v. Couedel* (1997) 60 Cal.App.4th 1037, 1044.)

" 'To the extent that the court's equity power to grant relief differs from its power under section 473, *the equity power must be considered narrower, not wider*.' " (*Carroll v. Abbott Laboratories, Inc.*, *supra*, 32 Cal.3d at p. 901, fn. 8, citing *Weitz v. Yankosky* (1966) 63 Cal.2d 849, 857.) For example, a stronger showing of the excusable nature of neglect is required to obtain relief under a court's equity power than would be necessary for relief under section 473. (*Carroll v. Abbott Laboratories, Inc*. at p. 901, fn. 8.)

We conclude Huffman cannot demonstrate a satisfactory excuse for his counsel's failure to timely file his second amended complaint. He repeats that his counsel had not received the trial court's minute order following the remittitur, and she attempted on numerous occasions to contact the court to find out when the pleading was due. He argues that had his counsel received the minute order, he would have sought clarification because the order was "incongruous" with the remittitur as to the State. As we have explained, however, the deadline missed by counsel was triggered by the remittitur, not by the minute order. Huffman was not thereafter prevented from participating in the action, and his counsel's conduct did not rise to a "de facto severance of the attorney-client relationship." (*Carroll v. Abbott Laboratories, Inc.*, *supra*, 32 Cal.3d at p. 898.) Huffman's counsel was aware of the possibility of the State's dismissal due to the failure to comply with section 472b and argued for relief from dismissal as early as the opposition to the State's demurrer. His counsel not only continued to represent Huffman

18

but also prepared a signed declaration attesting to her mistake and neglect. She appeared telephonically at the hearing on the State's demurrer, thereby protecting Huffman's interests. Huffman's counsel filed a section 473, subdivision (b) motion to set aside the State's dismissal within the statutory deadline, and the trial court considered the parties' written and oral arguments on the motion. On this record, the trial court did not abuse its discretion in declining to exercise its inherent equity power to grant relief from the State's dismissal.

DISPOSITION

19

The judgment is affirmed.  The State of California shall recover costs on appeal.

(Cal. Rules of Court, rule 8.278(a)(2).)


                                                    O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


NARES, J.