Filed 11/8/21  P. v. $9,800 United States Currency CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074446 |
| v. | (Super.Ct.No. CIVDS1828724) |
| $9,800 UNITED STATES CURRENCY, | OPINION |
| Defendant; | |
| ARDALLAH ABBAS, | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Brian S. McCarville, Judge.  Affirmed.

Law Offices of Zulu Ali & Associates, Donovan Fleming, Julian Lee and Jiovanna Aguirre for Defendant and Appellant.

No appearance for Defendant.

Jason Anderson, District Attorney, Rebeca Hynds, Deputy District Attorney for Plaintiff and Respondent.

1

Defendant and appellant Ardallah Abbas appeals the order denying his motion to set aside a default brought pursuant to Code of Civil Procedure section 473, subdivision (b) (motion for relief from default). In October 2018, Abbas was arrested and found to have $88,000 in U.S. currency in his vehicle, which was seized by the Rialto Police Department as suspected drug money. Plaintiff and respondent the People of the State of California filed a civil forfeiture of asset proceeding for the money. Abbas hired counsel, who filed a claim for $9,800 of the money in opposition to the forfeiture. The claim was struck by the trial court for failing to have Abbas verify the claim as statutorily mandated by Health and Safety Code section 11488.5. Abbas filed the motion for relief from default contending that the failure to properly file the claim was due to the mistake, inadvertence, surprise or excusable neglect of counsel. The trial court denied the motion for relief from default.

Abbas claims on appeal the trial court erred by denying his motion for relief from default because the default was due to mistake, inadvertence, surprise or excusable neglect by his counsel.

**FACTUAL AND PROCEDURAL HISTORY**

On October 4, 2018, Abbas was stopped for a speeding violation by officers of the Rialto Police Department. The officers seized $88,000 of U.S. currency from his trunk. On October 25, 2018, the Rialto Police Department filed an Application for Forfeiture with the San Bernardino County District Attorney's Office for the $88,000.

2

On November 5, 2018, Abbas's attorney, Zulu Ali, filed a claim opposing forfeiture pursuant to an administrative proceeding on behalf of Abbas (unverified claim). The claimed property was listed as $9,800 in cash. The unverified claim was signed by Ali but the verification, which required that the claimant (Abbas) declare under penalty of perjury that the claim was true and correct, was left blank.

On April 30, 2019, the People filed a petition for forfeiture seeking the $88,000. The action was brought pursuant to Health and Safety Code section 11488.4. The People alleged that the money was proceeds of drug transactions. The People sought an order that the property be forfeited and be subject to disposal.

On August 6, 2019, the People filed a motion to strike the unverified claim. The People argued the claim was not verified as required by Health and Safety Code section 11488.5, subdivision (a)(1). An attorney verification was not permitted in forfeiture actions. The trial court should strike the unverified claim for lack of personal verification. Abbas should not be allowed to file an amended claim because the statutory deadline for filing a claim had expired on June 10, 2019.

On August 6, 2019, the trial court heard the matter. The trial court noted that Abbas had not filed opposition. Special counsel, Yu Yang, appeared for Abbas and represented that Abbas was in federal prison in central California. Yang requested a continuance to have Abbas sign the unverified claim. The request was denied as the trial court found that the law was clear that Abbas had to sign the claim and counsel was aware of Abbas's whereabouts. The trial court entered an order striking the unverified claim. The matter was set for a default judgment hearing.

3

The People filed support for the entry of a default judgment against Abbas. San Bernardino County Deputy District Attorney Rebeca Hynds declared that the total amount of money seized from Abbas was $88,000 and that it was either the proceeds from the sale or transportation for sale of controlled substances. The notice of forfeiture was published in the *San Bernardino Bulletin* as required by Health and Safety Code section 11488.4, subdivision (e). Deputy District Attorney Hynds declared that the People need only show a prima facie case and not a criminal conviction to proceed with the forfeiture since the forfeiture was not contested. The matter was uncontested due to the striking of the unverified claim. The People sought forfeiture of the entire $88,000.

The People provided as evidence the published notice of forfeiture. Further, the People provided the declaration of Rialto Police Officer Joseph Maltese. He was a K9 officer. He initiated a traffic stop on Abbas on October 4, 2018 because Abbas was speeding. Abbas was evasive in his responses and appeared agitated. He admitted to a prior arrest for narcotics. Officer Maltese's police dog sniffed the car and alerted to the driver's side door and the trunk. Two bags of U.S. currency were found in the trunk. Abbas advised Officer Maltese that there was $88,000 in the bags and he was planning to use it to buy a big-rig truck. He had four cellular telephones in his car, which was consistent with drug trafficking. It was determined Abbas was on federal probation under the name Aaron Potts. The cash was seized and placed in a bank account.

4

On August 21, 2019, a default judgment was entered against Abbas. Judgment was entered on August 30, 2019, forfeiting to the People the amount of $88,000.

On October 7, 2019, Abbas' counsel filed the motion for relief from default. Pursuant to a declaration from Abbas's counsel, Geoffrey W. Sorkin,[1] an attorney employed by the Law Offices of Zulu Ali, was hired two weeks prior to the filing of the unverified claim. At the time Sorkin filed the unverified claim, Abbas stated he was in Las Vegas and would not be able to sign anything prior to it being filed. Counsel intended to have Abbas sign the claim on a later date. However, Abbas was taken into federal custody. Sorkin attempted to contact Abbas multiple times but was unsuccessful because Abbas was in custody under the name of Aaron Potts and Sorkin was searching under the name Ardallah Abbas. Accordingly, counsel was unable to obtain Abbas's verification in time to file a proper claim.

Abbas's counsel argued that relief from default should be granted. Counsel argued that Abbas could not be located because he was in federal custody. Counsel mistakenly looked for Abbas under the incorrect name. Counsel attached a letter sent to Abbas on July 24, 2019, informing Abbas that he must contact the law office or his case would be dismissed. Sorkin also included with the motion for relief from default, a new claim opposing forfeiture signed by Sorkin on August 19, 2019, and signed by Abbas on August 22, 2019.

---

[1] Sorkin also appeared at a status conference on May 6, 2019.

5

The People filed opposition.  The People argued that the motion for relief from default did not address that Zulu Ali signed the unverified claim.  There was no declaration from Zulu Ali.  Further, there was not sufficient information of mistake, inadvertence, surprise or excusable neglect as required by Code of Civil Procedure section 473, subdivision (b).  Sorkin did not state sufficient grounds of mistake or inadvertence to excuse the default.

The matter was heard on November 6, 2019.  Sorkin appeared for Abbas.  The trial court stated that it had reviewed the motion for relief from default and "I don't find this is a 473."  The trial court noted, "Your client has an obligation—if he's going from prison to prison, either in State or Federal prison, he has an obligation to keep you advised and you do not have the authority to sign the verification."  Sorkin argued it was their intent to have Abbas sign the verification but then he went into federal custody.  Counsel's error was not finding him in federal prison or having him sign the verification earlier.

The trial court ruled, "I've looked at your declaration.  I don't find it to be your error but rather your client's error, which is not—which would have to show reasonableness.  The application to vacate the default is denied."  Judgment was entered on November 13, 2019.

**DISCUSSION**

A.     CODE OF CIVIL PROCEDURE SECTION 473(b)

"An order denying relief from a judgment under section 473(b) is a separately appealable postjudgment order under Code of Civil Procedure section 904.1, subdivision

6

(a)(2)." (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 927, fn. 6.)

"Section 473(b) contains two distinct provisions for relief from default. The first provision . . . , is discretionary and broad in scope: 'The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect.' [Citation.] The second provision is mandatory, at least for purposes of [Code of Civil Procedure] section 473, and narrowly covers only default judgments and defaults that will result in the entry of judgments. This provision . . . declares as follows: 'Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect.' " (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838-839.)

"The concept of 'excusable,' . . . , is not synonymous with a get-out-of-jail free card for parties who later come to regret past inaction or sitting on their rights. ' "The inadvertence contemplated by the statute does not mean mere inadvertence in the

7

abstract. If it is wholly inexcusable it does not justify relief. [Citations.] It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his defense he shows that he has exercised such reasonable diligence as a man of ordinary prudence usually bestows upon important business his motion for relief under section 473 will be denied. [Citation.] Courts neither act as guardians for incompetent parties nor for those who are grossly careless of their own affairs. . . . The only occasion for the application of section 473 is where a party is unexpectedly placed in a situation to his injury without fault or negligence of his own and against which ordinary prudence could not have guarded.' " " (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 414-415.)

The moving party has the burden of establishing entitlement to relief by a preponderance of the evidence. (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1423.) " '[B]ecause the law strongly favors trial and disposition on the merits, any doubts in applying [Code of Civil Procedure] section 473 must be resolved in favor of the party seeking relief from default. [Citations.]' [Citation.] However, ' . . . if a party fails to show that a judgment has been taken against him through his mistake, inadvertence, surprise or excusable neglect the court may not grant relief. It has no discretion.' " (*Parage v. Couedel* (1997) 60 Cal.App.4th 1037, 1042.)[2]

---

[2] Abbas claims that this court should grant relief because it would not prejudice the People, but this is not the standard of review.

"The standard for appellate review of an order denying a motion to set aside under [Code of Civil Procedure] section 473 is quite limited.  A ruling on such a motion rests within the sound discretion of the trial court, and will not be disturbed on appeal in the absence of a clear showing of abuse of discretion, resulting in injury sufficiently grave as to amount to a manifest miscarriage of justice.  Where a trial court has discretionary power to decide an issue, an appellate court is not authorized to substitute its judgment of the correct result for the decision of the trial court.  [Citations.]  " ' "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.  When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." ' "  (*In re Marriage of King* (2000) 80 Cal.App.4th 92, 118, fn. omitted; see also *Younessi v. Woolf* (2016) 244 Cal.App.4th 1137, 1144 ["The decision to grant relief on this basis 'is addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse thereof, the exercise of that discretion will not be disturbed on appeal' "].)

B.    SHOWING OF MISTAKE, INADVERTENCE, SURPRISE OR
        MISTAKE

Abbas contends there was substantial evidence of mistake, inadvertence, surprise or excusable neglect by his counsel in filing the unverified claim based on Sorkin's declaration and oral argument.  The lack of knowledge of Abbas's name and subsequent incarceration prevented counsel from communicating with Abbas in order to properly verify his opposition to the forfeiture of the money seized from him.

9

Abbas did not sign the unverified claim. Health and Safety Code section 11488.5, subdivision (a)(1) provides, "Any person claiming an interest in the property seized pursuant to Section 11488 may, unless for good cause shown the court extends the time for filing, at any time within 30 days from the date of the last publication of the notice of seizure, if that person was not personally served or served by mail, or within 30 days after receipt of actual notice, file with the superior court of the county in which the defendant has been charged with the underlying or related criminal offense or in which the property was seized or, if there was no seizure, in which the property is located, a claim, verified in accordance with Section 446 of the Code of Civil Procedure, stating his or her interest in the property. An endorsed copy of the claim shall be served by the claimant on the Attorney General or district attorney, as appropriate, within 30 days of the filing of the claim." Abbas does not dispute that he had to sign the claim.

The unverified claim opposing forfeiture was filed by Zulu Ali on behalf of Abbas. It was signed on November 5, 2018 by Zulu Ali but not Abbas. A different attorney, Sorkin, signed a declaration on behalf of Abbas in support of the motion for relief from default. In that declaration, Sorkin claimed that he was an associate at the Law Offices of Zulu Ali. He claimed that on October 9, 2018, the Law Offices of Zulu Ali was hired by Abbas to file the unverified claim. On November 4, Sorkin contacted Abbas and was told by Abbas that he was in Las Vegas and could not come into the office prior to the November 5 filing date. Sorkin then attested that *he* filed the unverified claim and intended to have Abbas sign later and he would file a supplemental claim.

10

Initially, Sorkin's declaration does not explicate what mistake, inadvertence, surprise or excusable neglect he personally engaged in, which caused Abbas to be unable to timely sign a verification. Based on the declaration, it was Abbas who would not make the effort to come to his attorney's office to sign the verification and there was no explanation as to why he could not have sent the documents overnight. Counsel was well aware that Abbas's signature was required. It was not an excusable mistake of counsel that Abbas chose not to make the drive to his office or make other efforts to sign the claim. Further, Zulu Ali signed the unverified claim so it is not clear that Sorkin could attest to any mistake, inadvertence, surprise or excusable neglect on his part in filing the unverified claim without Abbas's signature.

Moreover, Sorkin claimed he tried to contact Abbas between January 2019 and July 2019 without any success. Abbas was incarcerated in federal prison and counsel averred he could not contact Abbas because he was imprisoned under a different name, which was unknown to counsel. Again, this was not a mistake of counsel as Abbas had a duty to advise counsel of his whereabouts and that he was incarcerated under the name of Aaron Potts. Abbas hired the Law Offices of Zulu Ali to file a claim opposing the People's petition for forfeiture. He had an affirmative duty to pursue his claim, including keeping in contact with counsel and clearly informing counsel of his different names.

Abbas cannot claim it was his own inadvertence, mistake or excusable neglect that warranted relief from default. The motion for relief from default was only accompanied by Sorkin's declaration. Abbas never stated his reasons for not working with counsel to sign the unverified claim or why he failed to keep in touch with counsel. He failed to

11

show he acted reasonably in helping with his claim. (*McClain v. Kissler*, *supra*, 39 Cal.App.5th at p. 415 ["Courts neither act as guardians for incompetent parties nor for those who are grossly careless of their own affairs].) Relief pursuant to Code of Civil Procedure section 473 was not properly granted as Abbas failed to provide sufficient evidence that he was entitled to discretionary relief.

Abbas tries to provide additional reasons in the reply brief as to what occurred including that his "representation" did not have a deliberate plan in place to verify the claim and that counsel should have known Abbas may have multiple names. He also claims that "counsel" should have sought verification at the time Abbas hired him and that the People have not shown evidence that Abbas was lazy or had other priorities in choosing not to make himself available to sign the claim. We will not consider arguments made for the first time in the reply brief. (*People v. JTH Tax Inc.* (2013) 212 Cal.App.4th 1219, 1232 [" ' Points raised in the reply brief for the first time will not be considered' "].) Nor did Abbas make these arguments below. Moreover, it was Abbas's burden to establish that there were grounds to grant relief from default, not the People's burden. Here, the trial court reasonably concluded that Abbas failed to establish excusable neglect and was not entitled to the discretionary relief under Code of Civil Procedure section 473, subdivision (b).

## DISPOSITION

We affirm the denial of Abbas's motion for relief from default. The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

RAMIREZ

P. J.

CODRINGTON

J.